IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

L.W.J.,

   Plaintiff,

VS.

Commissioner of Social Security,

   Defendant.

7 : 21-CV-162 (TQL)

Filed at 3:06 P M
2/27, 20 23
BCL
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

# ORDER

Plaintiff filed this Social Security appeal on December 28, 2021 challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

***Administrative Proceedings***

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits in May 2019, alleging disability since February 1, 2017. (T-211-221, 242). His claims were denied initially and upon reconsideration. (T-82-83, 112-113). A hearing was held before an ALJ in February 2021. (T-27-55). In a hearing decision dated March 10, 2021, the ALJ determined that Plaintiff was not disabled. (T-7-26). The Appeals Council denied Plaintiff's request for review. (T-1-6).

***Statement of Facts and Evidence***

Plaintiff, born on June 3, 1970, was 50 years of age at the time of the ALJ's decision. (T-242). Plaintiff alleges disability since February 1, 2017, due to gout, a heart condition, leg and hip problems, and diabetes. (T-242, 253). Plaintiff completed the tenth grade, and reported past relevant work experience as a cook. (T-254). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of peripheral artery disease (PAD), hypertension, diabetes, peripheral

neuropathy, osteoarthritis (OA), tobacco use disorder, coronary artery disease (CAD), gout, and degenerative disc disease (DDD) of the lumbar spine. (T-13). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-13-19). The ALJ determined that Plaintiff could return to his past relevant work as an unloader and thus was not disabled. (T-19, 20).

## DISCUSSION

Plaintiff contends that the ALJ's determination that he is not disabled should be reversed based on the ALJ's erroneous consideration of the opinion evidence provided by consultative examiner Dr. Watson and Nurse Practitioner Booth.

As Plaintiff's claim for benefits was filed after March 27, 2017, new regulations apply to the consideration of medical opinions pertaining to his claim. *See* 20 C.F.R. § 416.920c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

### *Dr. Watson*

Dr. Byron Watson performed a consultative examination of Plaintiff on August 24, 2019. (T-656). After reciting Plaintiff's complaints and reported medical history, Dr. Watson found that

3

Plaintiff had moderate difficulty rising from a chair and moving on and off the exam table, and ambulated with difficulty, but that the cane Plaintiff used was not medically required. (T-658). Dr. Watson concluded that Plaintiff was able to stand occasionally and to walk occasionally in an 8-hour work day, and could lift and carry 20 pounds occasionally on both the right and left sides. (T-661). Dr. Watson defined "occasionally" as "very little up to 1/3 of an 8 hour work day". (T-661).

In regard to Dr. Watson, the ALJ found:

> [i]n August 2019, Dr. Watson indicated the claimant could lift and carry 20 pounds occasionally, and stand and walk occasionally in an eight-hour workday. The claimant ambulated with difficulty and using an assistive device, which appeared to be helpful, but was not required. The opinion is persuasive with regard to the lifting and carrying, but not standing and walking. The lifting, carrying, standing and walking limitations are supported by exam findings showing 4+/5 grip and upper extremity strength, and a moderately antalgic gait. They are inconsistent with recent records showing a normal gait with intact motor and sensory functioning.

(T-18).

Nurse Practitioner Booth issued a Clinical Assessment of Pain regarding Plaintiff on July 7, 2020. (T-1050). Therein, Booth indicated that Plaintiff suffers from "intractable and virtually incapacitating" pain, that physical activity increases his pain and requires bed rest or medication, and that medication side effects render Plaintiff "totally restricted and thus unable to function at a productive level of work". *Id.* Booth further opined that Plaintiff could lift and carry only 5 pounds occasionally, sit 2 hours and stand or walk 1 hour (in an 8 hour workday), required an assistive device, would be absent from work more than four (4) days per month, and could rarely or never perform certain exertional activities. (T-1051). Booth stated that Plaintiff suffered from "severe degenerative joint disease". *Id.*

4

In regard to Booth's findings, the ALJ found:

> [i]n July 2020 Penny Booth, FNP-C, indicated the claimant had severe degenerative joint disease and was unable to sit or stand for extended periods. Pain was present and found to be intractable and virtually incapacitating. Physical activity would increase pain to such an extent that bedrest and/or medication would be necessary. Side effects of prescribed medication would be totally restrictive, and render the claimant unable to function at a productive level of work. He could lift or carry five pounds occasionally and one pound frequently, sit for two hours, and stand or walk for one hour in an eight-hour workday. . . The opinion is not persuasive. It is not supported by Ms. Booth's treatment records showing resolved chest pain, controlled blood sugar levels, and hypertension within normal limits. It is inconsistent with August 2020 notes showing no acute distress or discomfort, normal gait, and full range of motion. It is also inconsistent with the claimant's hearing testimony of no side effects from medication.

(T-18-19).

Plaintiff maintains that the ALJ improperly rejected the opinions of Dr. Watson and Nurse Practitioner Booth, in that the ALJ's conclusions that their opinions were contradicted by the record are erroneous, and the conclusions ignore other findings that support Watson's and Booth's opinions in the record.

Contrary to Plaintiff's assertions, the ALJ fully and properly assessed the findings of Dr. Watson and Nurse Practitioner Booth, and her findings are supported by substantial evidence. Unlike the ALJ's findings in *Works v. Saul,* 2021 WL 690126 (M.D.Ala. 2021), a case cited by Plaintiff, the ALJ herein provided a detailed discussion of Dr. Watson's and Nurse Practitioner Booth's findings and provided reasons for not finding these opinions fully persuasive, explaining specific inconsistencies. The ALJ in *Works* had stated that a medical opinion was "somewhat consistent with

the entire medical record", without more. *Id.* at *15. The Court finds that the ALJ herein, in contrast to *Works* and the other cases cited by Plaintiff, adequately explained her reasons for finding Dr. Watson's and Nurse Practioner Booth's opinions less than fully persuasive. *See Jones v. Social Security Administration, Commissioner,* 857 F. A'ppx 587, 591 (11th Cir. 2021) (ALJ did not err in assessing physician's opinion as to its persuasiveness, as ALJ explicitly noted that physician's opinion was in tension with findings of consulting physician, and plaintiff did not explain how ALJ's assessment lacked clarity). The physical findings by Nurse Practitioner Booth and the overall medical record do not support the ultimate findings of disabling conditions and limitations as issued by Watson and Booth. (T- 1052-1079). As noted by the Commissioner, Plaintiff often had unremarkable examination findings and his symptoms were controlled by treatment. (T-542, 658-661, 977). The ALJ's findings are supported by substantial evidence, and as noted by the Commissioner, a reviewing court does not "decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the Commissioner." *Mitchell v. Comm'r., Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 27th day of February, 2023.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**